**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **YEFRI FLORENTINO CHAPAS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-6831-OLG** |
| | § | |
| **BOBBY THOMPSON *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# DISMISSAL ORDER

Before the Court is the second Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) filed pursuant to 28 U.S.C. § 2241 by Petitioner Yefri Florentino Chapas. Upon review, the Court finds that the Petition should be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents.

The Court previously ordered that Petitioner be given a bond hearing, *see Chapas v. Thompson*, No. 26-CV-2309-OLG, Dkt. No. 9 (W.D. Tex. 2026), and on May 15, 2026, Petitioner received one. *Chapas*, Dkt. No. 10-1 at 3. The immigration judge denied bond based on the finding that Petitioner is a danger to the community. *Id.* Petitioner filed the instant case on October 23, 2026, asserting that his detention violates due process[1] and seeking immediate release from custody or a new bond hearing. *See* Dkt. No. 1 at 20–23, 26–27.

---

[1]Petitioner's statutory basis for relief—i.e., that the INA's discretionary detention provision applies and entitles him to a bond hearing, *see* Dkt. No. 1 at 23—was foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi*. *See* 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). Petitioner's other claims based on the Administrative Procedure Act (APA), the *Accardi* doctrine, and the Equal Protection Clause, *see* Dkt. No. 1 at 23–26, are unavailing. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only."); *Chi*, 2026 WL 1062625, at *6 (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief"); *Chi*, 2026

Under the INA, the Court lacks jurisdiction to review an immigration judge's denial of bond following the custody redetermination hearing to which those detained under 8 U.S.C. § 1226(a) are entitled. Although Petitioner, as an applicant for admission mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), was not entitled under the INA to such a bond hearing, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"), the Court determined that Petitioner was still entitled to as much process as those detained under § 1226(a), albeit on due process, rather than statutory, grounds. *Chapas*, Dkt. No. 9. It cannot now conclude, however, that an applicant for admission is entitled to even greater process with respect to custody redeterminations than those who are statutorily entitled to such redeterminations. This is particularly true now that the Fifth Circuit has ruled that mandatory detention under § 1225(b)(2)(A) does not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v.*

---

WL 1062625, at *4 (finding equal-protection based claim unavailing in this context, where "the primary objection to the respondents' detention policy is its over-inclusivity").

*Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[2]

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 6, 2026.

ORLANDO L. GARCIA
United States District Judge

[2]The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.* Accordingly, while it is not this Court's place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.